M. ANDERSON BERRY (262879)
aberry@justice4you.com
LESLIE GUILLON (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

JOHN A. YANCHUNIS (*Pro Hac Vice*)
jyanchunis@ForThe People.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, California
Telephone: (619) 239-4599
Facsimile: (619) 234-4599

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*

This Document Relates To: ALL ACTIONS

Master File No.: 3:20-cv-00812-EMC

**JOINT DECLARATION OF JOHN A. YANCHUNIS, M. ANDERSON BERRY AND RACHELE R. BYRD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

DATE: December 24, 2020
TIME: 1:30 p.m.
COURTROOM: Courtroom 5 – 17th Floor
JUDGE: Hon. Edward M. Chen

We, John Yanchunis, M. Anderson Berry and Rachele R. Byrd, pursuant to section 1746 of title 28 of the United States Code, declare as follows:

1. John Yanchunis is a partner at Morgan & Morgan Complex Litigation Group ("Morgan & Morgan"), one of the attorneys of record for Plaintiffs. Mr. Yanchunis submits this declaration in support of Plaintiffs' motion for preliminary approval of a class action settlement. Mr. Yanchunis makes this declaration based on his own personal knowledge, and if called to do so, could and would testify to the matters contained herein.

2. M. Anderson Berry is the head of the complex litigation group at Clayeo C. Arnold, A Professional Law Corporation ("Clayeo C. Arnold"), one of the attorneys of record for Plaintiffs. Mr. Berry submits this declaration in support of Plaintiffs' motion for preliminary approval of a class action settlement. Mr. Berry makes this declaration based on his own personal knowledge, and if called to do so, could and would testify to the matters contained herein.

3. Rachele R. Byrd is a partner at Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), one of the attorneys of record for Plaintiffs.[1] Ms. Byrd submits this declaration in support of Plaintiffs' motion for preliminary approval of a class action settlement. Ms. Byrd makes this declaration based on her own personal knowledge, and if called to do so, could and would testify to the matters contained herein.

4. The Settlement Agreement executed by the parties on November 18, 2020, is attached hereto as **Exhibit 1**.

## I. THE LITIGATION AND SETTLEMENT NEGOTIATIONS

5. This is a proposed class action on behalf of a class brought against Hanna Andersson, LLC ("Hanna") and salesforce.com, inc. ("Salesforce," and, collectively, "Defendants"). Plaintiffs allege that Hanna experienced a security incident whereby unauthorized third parties accessed via Hanna's third-party ecommerce platform, Salesforce Commerce Cloud, Hanna's customers' Personal Information ("PII") used to purchase products

[1] Unless otherwise noted, capitalized terms have the meaning ascribed to them in the Settlement Agreement and Release dated November 18, 2020 ("Settlement Agreement" or "SA").

from Hanna's website from September 16, 2019, to November 11, 2019 (the "Security Incident"). Plaintiffs further allege that the hackers exfiltrated everything they need to illegally use Hanna's customers' credit cards to make fraudulent purchases and that law enforcement subsequently found the stolen names and card information for sale on the dark web where criminals can acquire PII for malicious activity and identity theft.

6. The first of three class action cases was filed on February 3, 2020, and the other two were filed within 30 days thereafter. One of the cases was voluntarily dismissed and the other two were consolidated on March 5, 2020, before the Honorable Edward M. Chen. Plaintiffs filed their Complaint on June 3, 2020, alleging six causes of action: (1) negligence; (2) declaratory relief; (3) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; (4) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq*.; and (5) violation of the Virginia Personal Information Breach Notification Act, Va. Code Ann. § 18.2-186.6, *et seq*. Plaintiffs sought several types of equitable and monetary relief on behalf of all persons whose PII was compromised as a result of Defendants' alleged failure to: (i) adequately protect its users' PII; (ii) warn users of its inadequate information security practices; and (iii) effectively monitor Hanna's website and ecommerce platform for security vulnerabilities and incidents. Plaintiffs alleged that Defendants' conduct amounted to negligence and violated several California statutes.

7. Subsequently, the parties informally exchanged discovery with respect to Plaintiffs' purchases and injuries as well as the class allegations. The parties also drafted and exchanged mediation briefs and then participated in an all-day mediation with Martin Quinn, Esq. on June 19, 2020. The mediation was successful; the parties agreed in principle to the terms of a Settlement that day.

8. On July 1, 2020, the parties entered into, and the Court approved, a Stipulation and Order staying proceedings for sixty (60) days pending finalization of a settlement agreement.

9. The parties executed a Term Sheet on July 20, 2020.

10. On August 17, 2020, Hanna provided Plaintiffs with confirmatory discovery demonstrating: (1) the Settlement Cass size is approximately 200,273; (2) Hanna's business has been significantly and negatively affected by the COVID-19 global health crisis, and (3) the lack of insurance coverage for Plaintiffs' claims.

11. This stay was extended for another thirty (30) days on August 17, 2020, and again for another thirty (30) days on September 23, 2020 while the parties negotiated the terms of a settlement agreement and its exhibits. The parties executed the Settlement Agreement on November 18, 2020. *See* **Ex. 1**.

12. Though cordial and professional, the settlement negotiations were adversarial, arm's-length and non-collusive in nature.

13. The Settlement was reached after extensive investigation and research, production of information by Defendants, and a thorough evaluation of Plaintiffs' claims in light of such information.

## II. THE SETTLEMENT

### A. The Settlement Class

14. The Settlement will provide relief for the following Settlement Class: "All individuals residing in the United States who made purchases from the Hanna website from September 16, 2019 to November 11, 2019." The Settlement Class is the same in substance as the Nationwide Class defined in the Complaint: "All individuals whose PII was compromised in the data breach announced by [Hanna] on January 15, 2020." Complaint, ¶ 68. The California and Virginia subclasses alleged in the Complaint are subsumed within the Nationwide Class and also the Settlement Class. *Id.*, ¶¶ 69-70.

### B. The Settlement Consideration

15. The parties have negotiated payment of a fixed sum of $400,000.00 (the "Settlement Fund") in exchange for a release of all claims that were or could have been asserted in the case. The Settlement Fund will be used to make payments to Settlement Class Members and to pay the costs of Claims Administration, a Claims Referee to resolve any disputed claims, any Attorneys' Fees and Expenses Award, and any Service Awards. SA,

§§ 1.38, 2.1.  Hanna will pay the first $200,000 of the Settlement Fund to the Claims Administrator within 10 business days following entry by the Court of the Preliminary Approval Order, and will deposit the remaining $200,000 within 30 days of the Effective Date. *Id.*, § 7.4.

16. Notice and administration expenses will be deducted from the Settlement Fund, along with attorneys' fees, expense reimbursements and Representative Plaintiffs' Service Awards approved by the Court.  The balance will be applied to pay the claims of Class Members.  Plaintiffs will seek up to 30% of the Settlement in attorneys' fees (or $120,000) plus reimbursement of reasonable expenses incurred (currently $7,515.36; *see* ¶ 44, *infra*), as well as Service Awards in the amount of $5,000 for Representative Plaintiff Barnes and $5,000 jointly to Representative Plaintiffs Gill and Sumerfield in recognition of the time, effort, and expense they incurred pursuing claims that benefited the Settlement Class.  *See* SA, § 9.2.

17. As indicated in the Declaration of Steven Weisbrot of Angeion Group, LLC in Support of Motion for Preliminary Approval of Class Action Settlement ("Weisbrot Decl."), attached hereto as **Exhibit 2**, notice and administration expenses are estimated to be approximately $46,000.  **Ex. 2**, ¶ 19.

18. If these deductions are allowed in full, the Settlement will provide approximately $226,485.00 to pay Class Member claims.  Angeion assumed for purposes of its estimate that 3% of Settlement Class Members are likely to file claims, which is within the range of similar settlements.  *See* **Ex. 2** (Weisbrot Decl.), ¶ 20.  Therefore, it is likely that the average award to Settlement Class Members who file valid claims will be approximately $38.00.

19. We believe, based upon our experience, that this is an accurate estimate.  For example, *Bokelman v. FCH Enterprises, Inc.*, No. 18-00209 RJB-RLP (D. Haw.) (settlement approved May 3, 2019) involved similar claims stemming from a data breach of credit card numbers and other PII related to credit or debit cards used at each of defendant's locations from November 23, 2017 to March 29, 2018.  The plaintiffs, who had used their payment cards at the defendant's restaurants (Zippy's) during the class period incurred fraudulent charges that

JOINT DECL. OF J.A.Y., M.A.B AND R.R.B. ISO PLTFS' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
- 5 -

required extensive time and effort to resolve. In that case there were 365,000 class members. The settlement fund was $725,000 and defendant paid separately for the costs of settlement notice and administration, which were $164,000. Summary notice was sent to 33,046 class members by email (27,244 successfully delivered) and was also provided to 19,368 class members by U.S. Mail. Notice was also provided by publication, press release, and a settlement website. The defendant also posted signage at each of its locations that provided a brief synopsis of the lawsuit and directed potential class members to the settlement website or the case-specific phone number for more information. There were 8,512 valid claims submitted, or 2.3% of the class, for a total value of $206,235.95. The average recovery per class member (including the value of notice and administration) was $2.44, and the average recovery per claimant was $24.23. Ultimately, $263,005.53 (which included $12,330 in uncashed checks) was distributed to a *cy pres* recipient, Cyber Hawaii. The court awarded $241,667 in attorneys' fees (33.3% of the settlement fund) and reimbursement of $16,401.52 in costs. The court also awarded the representative plaintiffs $5,000 each as service awards.

**C. Distribution of the Settlement Fund**

20. The distribution plan ensures that all Class Members are eligible to readily receive payment from the Settlement Fund by submitting a claim for one of two types of Settlement Payments that will be paid out from the Settlement Fund, either: (i) a Basic Award or (ii) Reimbursement Award, as follows:

a. Basic Award - Every Settlement Class Member who submits an Approved Claim for a Basic Award is eligible to receive a Basic Award of up to $500.00, regardless of whether he or she experienced any fraudulent or unauthorized charges on his or her credit or debit card used to make a purchase from Hanna's website and regardless of whether he or she experienced any identity theft as a result of the Security Incident. If a Settlement Class Member experienced any fraudulent or unauthorized charges on his or her credit or debit card used to make a purchase from Hanna's website during the Class Period, this award includes any potentially compensable reimbursement for: (i) lost time spent

dealing with replacement card issues or having fraudulent charges reversed; (ii) costs of credit reports, credit monitoring, and identity theft protection purchased between September 16, 2019 and the date of the Claims Deadline; and (iii) other miscellaneous expenses (*e.g.*, unreimbursed charges or fees from banks or credit card companies incurred as a result of reissuance of cards, overdrafts, unavailability of funds, late payments; telephone/cell phone charges; postage; interest on payday loans incurred as a result of card cancellation and replacement issues incurred as a result of the Security Incident.). *See* SA, § 2.2.1.

    b.    Reimbursement Award - A Settlement Class Member who: (i) during the Unauthorized Charge Period experienced one or more fraudulent or unauthorized charges that are claimed by the Settlement Class Member in good faith to be more likely than not caused by the Security Incident on a credit or debit card he or she used to make a purchase from Hanna's website during the Class Period, which charges were not denied or reimbursed; (ii) has made reasonable efforts to avoid, or seek reimbursement for, his or her losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance; and (iii) submits an Approved Claim for a Reimbursement Award, shall be eligible to receive a Reimbursement Award consisting of reimbursement of up to $5,000.00 total for the following unreimbursed losses, if any, incurred as a result of the Security Incident: (a) unreimbursed unauthorized charges during the Unauthorized Charge Period on a credit or debit card used to make a purchase from Hanna's website that more likely than not resulted from the Security Incident; (b) up to three hours of lost time spent dealing with unauthorized charges or otherwise dealing with the Security Incident, at a rate of $20.00 per hour, but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the Claim Form; and (c) Out of Pocket Expenses.

*Id.*, § 2.2.2.

21. Regardless of which option Settlement Class Members pursue, all Settlement Class Members seeking a Settlement Payment must complete and submit a written Claim Form to the Claims Administrator. *Id.*, § 2.3.

22. The Claim Form must be postmarked or submitted electronically on or before the Claims Deadline, which shall be 120 days after entry of the Preliminary Approval Order. *Id.*, § 1.8.

23. Settlement Class Members may submit a Settlement Claim for one type of Award; if a Settlement Class Member submits a Claim Form seeking more than one type of Award, the Claims Administrator shall pay the single Award of the highest dollar value supported by a valid Claim Form and any required documentation. *Id.*, § 2.2.

24. Settlement Class Members may only submit one Settlement Claim, and only one Settlement Claim may be submitted per credit or debit card used with Hanna. *Id.*

25. Settlement Class Members must sign the Claim Form and establish that they made a purchase from Hanna by either submitting a receipt, bank statement or credit card to reflect the purchase. *Id.*, § 2.3. If no such documentation is available, Settlement Class Members shall attest under penalty of perjury that he or she made a purchase from the Hanna website, identifying the approximate date of purchase, and provide the last four digits of his or her credit or debit card number. *Id.* Failure to provide such supporting documentation as requested on the Claim Form will result in denial of a Settlement Claim. *Id.* Additional information and documentation will be required of Class Members seeking Reimbursement Awards in order to show unauthorized charges were denied or not reimbursed, time spent on tasks related to unauthorized charges or the Security Incident, out-of-pocket expenses, and attestation of reasonable efforts to avoid or seek reimbursement for the loss. *Id.*, ¶ 2.3.1.

26. If a Settlement Class Member submits an incomplete or unsigned Claim Form, or a Claim Form that is not accompanied by sufficient documentation to determine the validity of the claim, the Claims Administrator shall request additional information and give the Settlement Class Member thirty (30) days to cure any defect before rejecting the claim. *Id.*,

§ 7.2.1.

27. If, after the Claims Deadline has passed and the Attorneys' Fees and Expenses Award, Service Awards, Claims Administration costs, and any payments to the Claims Referee have been paid in full out of the Settlement Fund, the total dollar value of all Approved Claims is less than the amount remaining in the Settlement Fund, then the Claims Administrator shall increase the payment amount for all Approved Claims *pro rata* among all Settlement Class Members who submitted valid claims, up to a maximum of twice the total amounts set forth for the Basic or Reimbursement Awards set forth in the Settlement Agreement, *i.e.*, up to a maximum of $1,000.00 or $10,000, respectively. *See id.*, § 7.3.1.

28. If, however, the total dollar value of all Approved Claims at the payment rates set forth in the Settlement Agreement exceeds the amount remaining in the Settlement Fund, the payment amount for all Approved Claims shall be reduced *pro rata* among all Settlement Class Members who submitted Approved Claims. *Id.*, § 7.3.2.

29. The Claims Administrator will mail the Award checks or electronically transfer funds to Settlement Class Members within the later of 90 days after the entry of the Effective Date or 30 days after all disputed claims have been resolved. *Id.*, § 7.5.

30. If there is any balance remaining in the Settlement Fund Account 90 days after the Claims Administrator completes the process for stopping payment on any Settlement Payment checks that remain uncashed, the parties will return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient. *Id.*, § 7.6.

31. A copy of the proposed Claim Form is attached to the Settlement Agreement as Exhibit A.

**D. Business Practice Changes**

32. As part of the Settlement, Hanna has agreed to ensure that it takes the following reasonable steps to secure access to the e-commerce platform through which it processes credit card and debit card transactions:

a. conduct a risk assessment of the Hanna data assets and environment consistent with the NIST Risk Management Framework;

      b. enable multi-factor authentication for all cloud services accounts;

c. implement alerting processes for the establishment of new cloud services accounts;

d. hire additional technical personnel;

e. complete PCI Attestation of Compliance (AOC) in conjunction with a PCI-certified Qualified Security Assessor (QSA);

f. conduct phishing and penetration testing of the Hanna enterprise environment and enterprise user base;

g. deploy additional intrusion detection and prevention, malware and anti-virus, and monitoring applications within the Hanna environment;

h. implement regular review of the logs of Hanna's ecommerce platforms; and

i. hire a Director of Cyber Security.

SA, § 2.5. These changes will benefit those members of the Settlement Class whose information remains in Hanna's possession, and also other customers who make purchases from Hanna in the future.

**III. NOTICE AND CLAIMS ADMINISTRATION**

33. Plaintiffs propose the appointment of Angeion Group, LLP ("Angeion") as the Claims Administrator.

34. Plaintiffs have proposed notice forms and a notice program that comports with due process and provides the best notice practicable to Class Members.

35. The Settlement provides that within ten (10) business days after entry of the Preliminary Approval Order, Hanna shall provide the Claims Administrator with a Settlement Class Member list that includes, to the extent available, the name and email address of each Settlement Class Member, as reflected in Hanna's business records. SA, § 4.1.

36. Due to the nature of Hanna's business, Hanna has email addresses for the potential Settlement Class Members, and individual notice will be given primarily by emailing the Summary Notice, attached to the Settlement Agreement as Exhibit C, to the email

addresses associated with the accounts of Hanna customers in the United States who made purchases from Hanna's website during the Class Period.

37. Within 30 days of receiving the Settlement Class Member data from Hanna, the Claims Administrator shall provide Summary Notice to Settlement Class Members via email and shall establish a dedicated settlement website that includes the Settlement Agreement, the Long Notice, and the Claim Form approved by the Court. *Id.*, §§ 4.2.1, 4.2.2. The Claims Administrator will also post on the settlement website copies of this Settlement Agreement, the Summary Notice, the motion for final approval of the Settlement and the motion for Attorneys' Fees and Expenses Award and Service Awards. *Id.*, § 4.2.2. A toll-free number with interactive voice recognition, FAQs and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries. *Id.*

38. The proposed Notices advise class members of the pendency of the action, including: the nature of the action and a summary of the claims; the essential terms of the Settlement; the rights of Settlement Class Members to share in the recovery or to request exclusion from the Class; the rights of class members to object to the Settlement and to appear before the Court at the Final Approval Hearing; and will provide the date, time, and place of the Final Approval Hearing. If the Final Approval Hearing is continued, we will ensure that the Settlement Website is updated with the new Final Approval Hearing information. The Notices also contain information regarding Plaintiffs' anticipated application for an award of attorneys' fees, reimbursement of expenses and Representative Plaintiffs' Service Awards as well as the Claims process.

39. Within 30 days of the Claims Administrator receiving the Settlement Class Member data from Hanna, Hanna shall also prominently post a link to the settlement website on the footer of the home page of its website for the entire Claims Period. *Id.*, § 4.2.3.

40. The Notice program shall commence within 21 days of entry of the Preliminary Approval Order and shall be completed within 75 days of entry of the Preliminary Approval Order, unless otherwise provided in the Settlement Agreement. *Id.*, § 4.6.

41. A comprehensive description of the notice program appears in Paragraphs 4.1 to

4.6 of the Settlement Agreement.

42. The estimated cost of notice and administration is $46,000. *See* **Ex. 2** (Weisbrot Decl.), ¶ 19. Based upon our experience, these costs are reasonable. They represent a relatively small percentage of the Settlement Fund and 23 cents per Settlement Class Member.

43. Class Counsel's firms have engaged Angeion over the last two years in six cases. Specifically, Morgan & Morgan engaged Angeion as a notice and claims administrator for the following class action settlements: *Beckett v. Aetna*, Case No. 17-cv-3864 (E.D. Pa.); *Remijas v. The Neiman Marcus Group*, Case No. 14-cv-01735 (N.D. Ill.); *In re. Citrix Data Breach Litigation*, Case No. 19-cv-61350 (S.D. Fla.); *Cotter v. Checkers Drive-In Restaurants, Inc*., Case No. 19-cv-1386 (M.D. Fla.); and *Adkins v. Facebook, Inc*., Case No. 18-cv-05982 (N.D. Cal.). Also, Wolf Haldenstein engaged Angeion as a notice and claims administrator in *Kjessler et al. v. Zaappaaz, Inc. et al*., Case No. 4:18-cv-430 (S.D. Tex.) (settlement approved Oct. 16, 2020). Angeion was selected after blind competitive bids were solicited from seven claims administrators. Angeion was selected as the lowest bid.

44. Plaintiffs' counsel anticipate applying for an award of attorneys' fees of up to 30% of the Settlement Fund, or $120,000, plus reimbursement of expenses. Plaintiffs' counsel have billed a total of 456 hours to date, for a total lodestar of $233,063, which amounts to a negative multiplier of 0.51. Plaintiffs' counsel have incurred $7,515.36 in expenses to date, including: mediation fees; legal research; filing fees; postage, scanning, printing and copying; service of process; attorney service fees; and conference calling charges.

45. Defendants, in conjunction with Angeion, will be providing and paying for the notice required under the Class Action Fairness Act ("CAFA"). The CAFA notice will be disseminated within ten days of the filing of the Settlement Agreement with the Court. *See* **Ex. 2** (Weisbrot Decl.), ¶ 21.

46. Class Counsel also anticipate applying for Representative Plaintiffs' Awards in the amounts of $5,000 for Representative Plaintiff Barnes, and $5,000 jointly to Representative Plaintiffs Gill and Sumerfield in recognition of the time, effort, and expense they incurred pursuing claims that benefited the Settlement Class. *See* SA, §§ 9.1-9.2.

Representative Plaintiffs in this case have been vital in litigating this matter, including providing the Hanna account information, credit card information, order history and credit card monitoring information and reviewing and approving pleadings. Furthermore, the Representative Plaintiffs have no conflicts with the Settlement Class; have participated actively in the case; and are represented by attorneys experienced in class action litigation, including data breach cases. The Representative Plaintiffs have been personally involved in the case and support the Settlement.

47. If the Court approves the Settlement, the parties will request that the Court enter the Final Approval Order and Judgment, releasing all claims that were or could have been asserted against Defendants in this litigation. The proposed Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and providing for notice, and the proposed Final Order and Judgment are attached to the Settlement Agreement as Exhibits D and E. Class Counsel will ensure that the Final Approval Order and Judgment is made available on the settlement website.

## IV. RECOMMENDATION OF CLASS COUNSEL

48. Morgan & Morgan, Clayeo C. Arnold and Wolf Haldenstein each have considerable experience in class action litigation, including the prosecution and resolution of consumer class actions. Our respective law firm resumes are attached hereto as **Exhibits 3, 4 and 5**. For example, Mr. Yanchunis served as lead counsel in the Yahoo! data breach case which was litigated in this District and which was settled as a class and which settlement was approved this summer, he was lead counsel in the settlement of a data breach involving patrons of the Kimpton chain of hotels, and was a member of the Plaintiffs' Steering Committee and was one of the lawyers involved in negotiating the settlement in Equifax, the largest settlement of a data breach case to date. *See* **Ex. 3** at 1.

49. We believe Plaintiffs have built a strong case for liability. With respect to Plaintiffs' negligence claim, we believe Plaintiffs will be able to ultimately offer evidence that Defendants were negligent in failing to maintain reasonable and current data security programs and practices, which led directly to the loss of Plaintiffs' and the Class' PII. We also believe

Plaintiffs have viable claims under the California Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq*., Cal. Civ. Code § 1798.100, *et seq*., and the Virginia Personal Information Breach Notification Act., Va. Code Ann. § 18.2-186.6, *et seq*.

50. Plaintiffs believe their claims are viable and that they have a reasonably good chance of proving that Hanna's data security was inadequate and that, if they establish that central fact, Defendants are likely to be found liable under at least some of the liability theories and California laws Plaintiffs pled in their Complaint. However, given the heavy obstacles and inherent risks Plaintiffs face with respect to the novel claims in data breach class actions, including class certification, summary judgment, and trial, the substantial benefits the Settlement provides favor preliminary approval of the Settlement.

51. Plaintiffs expect defendant Salesforce would argue that it is merely a third-party cloud service provider to Hanna, with no contractual or other relationship with Plaintiffs, and that its enterprise customers customize, deploy, and secure their own instances of Salesforce's Commerce Cloud platform, undermining Plaintiffs' claims as to Salesforce, including their standing to sue Salesforce for any claim. While Plaintiffs feel they have valid arguments in opposition to this position, Plaintiffs recognize the risk that Salesforce may be successful on a motion to dismiss, leaving Hanna as the only, defendant. Furthermore, Hanna's financial difficulties and the lack of insurance coverage for Plaintiffs' claims create a real risk that any judgment Plaintiffs obtained against Hanna would be difficult, if not impossible, to collect upon.

52. Additionally, Hanna is likely to argue that its website terms of use include a class action waiver and provide for mandatory arbitration, application of Oregon law, and venue in Oregon. While Plaintiffs feel they have valid arguments in opposition, Plaintiffs recognize the risk that Hanna may be successful on a motion to enforce the class action waiver, compel arbitration, transfer venue, and dismiss California claims. This would deprive Plaintiffs of the ability to bring this action on behalf of the putative class, result in the dismissal of California claims, and require arbitration of claims or transfer to a different venue.

53. The Settlement here more likely than not provides 100 percent of a loss sustained by an individual consumer. Based on Class Counsel's experience in prior similar cases, and with the claims rates in those cases, the Settlement Fund of $400,000, the up to $500 Basic Award, and the up to $5,000 Reimbursement Award should be sufficient to recompense the legitimate individual claims and all Class-wide claims in the aggregate.  Therefore, given these risks and uncertainties, Plaintiffs believe the $400,000 Settlement Fund, which is likely to provide on average $38.00 to each Settlement Class Member who files a valid claim, is an excellent result and provides a substantial benefit to the Settlement Class.

54. Plaintiffs vigorously and aggressively gathered all of the information that was available regarding Hanna's information which would be related to this case—including financial information about the company and publicly-available documents concerning announcements of the Security Incident and notice of the Security Incident to its customers. The parties also informally exchanged non-public information concerning the Security Incident and the size of the Class in preparation for a successful mediation.

55. And while the parties did not engage in formal discovery, our collective decades of experience in similar types of privacy and data protection practices provided substantive knowledge on the subject to enable Class Counsel to represent Plaintiffs' and Settlement Class Members' interests  without expending hundreds of hours and enormous financial resources to come up to speed on the subject area. Therefore, we were adequately informed about the potential strengths and weaknesses of this case before entering into settlement discussions.

56. In negotiating this Settlement, we have considered the relative risks and benefits of settlement in relation to the risks of litigation.  We have also negotiated this Settlement to comply in all respects with the relevant case law and the Federal Rules of Civil Procedure. Having worked on behalf of the putative class since the Security Incident was first announced, evaluated the legal and factual disputes, and dedicated considerable time and monetary resources to this litigation, proposed Class Counsel endorse the settlement without reservation. We believe that, considering the relative benefits of settlement at this time on the terms offered

in comparison to the risk of a less favorable outcome, taking into account the considerable risk, expense and delay involved in obtaining an order certifying a consumer class action such as this one, and the prospects of prevailing at trial and on appeal, the proposed Settlement meets the standards for preliminary approval in that the Court will likely be able to approve the Settlement as fair, reasonable adequate and certify the class for purposes of judgment. We respectfully request that the Court grant preliminary approval so that notice can be given.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November, 2020 at Tampa, Florida, Sacramento, California, and San Diego, California, respectively.

*/s/ John Yanchunis*
JOHN YANCHUNIS

*/s/ M. Anderson Berry*
M. ANDERSON BERRY

*/s/ Rachele R. Byrd*
RACHELE R. BYRD

**ECF ATTESTATION**

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this JOINT DECLARATION OF JOHN A. YANCHUNIS, M. ANDERSON BERRY AND RACHELE R. BYRD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT. In compliance with Civil Local Rule 5-1(i), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED: November 19, 2020

*/s/ Rachele R. Byrd*
RACHELE R. BYRD

HANNA/26810v2