UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HANNA ANDERSSON & SALESFORCE.COM DATA BREACH LITIGATION | Case No. 20-cv-00812-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 59 |

The Court has reviewed the motion for preliminary approval and supporting documentation. Having considered such, the Court orders that the parties file supplemental brief and/or evidence addressing the issues identified below. The Court strongly prefers a joint filing; if the parties take different positions on an issue, they can simply reflect such in the joint filing. The filing shall be made by December 11, 2020.

A.  <u>Investigation or Informal Discovery Prior to Settlement</u>

Plaintiffs shall provide a declaration describing with specificity what investigation and/or informal discovery was conducted prior to settlement. Plaintiffs may lodge the declaration with the Court for an *in camera* review. The declaration may be lodged by emailing a copy of the document to angella_meuleman@cand.uscourts.gov.

In addition, the parties shall provide a summary of what facts were learned about the data breach (including security measures) and related injuries, either prior to settlement or during settlement discussions.

Finally, do the parties have information about any of the following and, if so, they shall provide specifics on such:

- In December 2019, law enforcement informed HA that credit cards used on its website were available for purchase on a dark website. How many HA customer credit card numbers were available for purchase?
- If an individual's credit card information becomes available on the dark web or is otherwise similarly exposed, how much of a risk is there of identity theft? How long does that risk persist? Is the exposure of information curable – *e.g.*, when the individual obtains a new credit card number?
- Did the parties discuss as possible relief credit monitoring services or identity theft insurance? If not, why not? If so, why was that relief not included in the settlement (whether for the whole class or some subset thereof)?
- Have there been any actual incidents of identity theft that resulted from the data breach at issue in this case?

B.  Maximum Value of the Case

Plaintiffs shall state what would be the potential class recovery (actual damages, statutory damages (*e.g.*, Count 5), injunctive relief, etc.) if they were to fully prevail on each of their claims. *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (¶ (1)(e)).

C.  Litigation Risks

Although Plaintiffs have addressed some litigation risks in their papers, the Court has questions about the alleged risks. Both parties shall address these questions.

- How is this case complicated, either as a legal matter or a factual matter? *See* Mot. at 15.
- How do the "damages methodologies" referred to by Plaintiffs in their motion present a litigation risk? Mot. at 15. Do Plaintiffs have a theory for damages that can be proven on a class-wide basis?
- Are there courts that have found standing in a data breach case where the only injury is the risk of identity theft in the future? If so, the parties shall cite these cases and include parentheticals describing the holdings.
- In general, other than standing, are there other common litigation risks in data

2

breach cases? If so, what are they? The parties shall cite authorities in support.

- What were HA's Terms of Use on its website during the relevant period? A copy of the Terms of Use would be helpful, with a citation to the critical provisions (*e.g.*, arbitration, choice of law, venue). *See* Mot. at 16.
- Are there litigation risks with respect to Salesforce other than those identified in the motion? *See* Mot. at 16 ("Plaintiffs expect defendant Salesforce would argue that it is merely a third-party cloud service provider to Hanna, with no contractual or other relationship with Plaintiffs, and that its enterprise customers customize, deploy, and secure their own instances of Salesforce's Commerce Cloud platform . . . ."). What arguments do Plaintiffs have with respect to Salesforce's defenses?

D. Anticipated Response Rate

Plaintiffs anticipate that the response rate will be only 3% and have cited in support a case from the District of Hawaii. *See* Joint Decl. ¶ 19. Are there any other authorities that support that response rate?

Based on the experience of the parties and the Claims Administrator, what is the typical response rate when the average payout – if all class members participate – is a minimal sum?

E. Claims Referee

The settlement agreement seems to contemplate that the Claims Referee will be paid out of the gross settlement fund for his or her services. Is there a risk that the fund will be significantly depleted if the Claims Referee is called upon to adjudicate disputes?

F. Distribution Among Claimants

It is not entirely clear how payouts under the settlement agreement will work in practice. For example, assume 100 class members submit claims. Twenty ask for Basic Awards. The other 80 ask for Reimbursement Awards, with 40 each having valid proof of $2,000 in cognizable losses and the other 40 each having valid proof of $4,000 in cognizable losses. How does the $216,500 net settlement fund (approximately[1]) get allocated among the 100 class members?

---

[1] The Court has made deductions from the $400,000 gross settlement fund for attorney's fees, litigation costs, claim administration, and incentive awards.

G.  Means of Class Notice

Is it worth supplementing email notice with notice by other means – *e.g.*, through social media?  Or would the cost of such notice be prohibitive?

Have the parties discussed supplemental notice for at least those class members for whom email notice is not successful?

H.  Parties' Proposed Class Notice

The Court has the following comments on the parties' proposed long-form notice.

- *Page 2.*  At the top of the page (after "**To:** All individuals . . . ."), the notice should state what the average payout is per class member in bold.
- *Page 2.*  The chart describing a class member's options is confusing.  The option "Go to a Court Hearing" should be removed.  The objection option should be modified – clarifying that an objector does not opt out of the lawsuit but rather remains in the suit, that the objection may be rejected by the Court, and that an objector must still file a claim if she desires any monetary relief under the settlement.
- *Page 4.*  In Question 6, the actual dollar amounts for the deductions from the gross settlement should be included (*e.g.* claim administration costs, attorneys' fees, service awards).
- *Page 5.*  In Question 10, the notice should explain that there is no recovery under the settlement for, *e.g.*, emotional distress or the cost of credit monitoring services.
- *Page 6.*  In Question 13, the entirety of the second sentence in the first paragraph should be in bold and "must" should be underlined ("**However, if you wish to seek a Settlement Award, you must complete and submit a Claim Form** . . . .").  In addition, a sentence should be added to the paragraph on making objections – reminding the class that an objector must still submit a claim if she wants any monetary relief.
- *Page 7.*  In Question 17, should class members have the option of electronically submitting opt-outs and objections (*i.e.*, in addition to mailing)?  Claims can be

4

submitted in both ways.  (This correction should be made in the proposed order on preliminary approval as well.)

The Court has the following comments on the parties' proposed short-form notice.

- Similar to above, the top of the notice should state what the average payout is per class member.
- Similar to above, the actual dollar amounts for the deductions from the gross settlement fund should be specified.

I.   Attorneys' Fees

Plaintiffs' counsel states that it has billed 456 hours on this litigation, for a total of $233,063.  *See* Joint Decl. ¶ 44.  Plaintiffs shall provide a statement regarding the hourly rates for the relevant attorneys.  In addition, Plaintiffs shall estimate how many hours were spent on each major litigation task (*e.g.*, drafting the complaint, investigating, attending mediation).

**IT IS SO ORDERED**.

Dated: December 4, 2020

_____
EDWARD M. CHEN
United States District Judge