M. Anderson Berry (262879)
aberry@justice4you.com
Leslie Guillon (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

JOHN A. YANCHUNIS (*Pro Hac Vice*)
jyanchunis@ForThe People.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA
Telephone: (619) 239-4599
Facsimile: (619) 234-4599

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*<br><br>This Document Relates To: ALL ACTIONS | Master File No.: 3:20-cv-00812-EMC<br><br>**[PROPOSED]** **FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Docket Nos. 69-70 |

On December 29, 2020, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the November 18, 2020 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Bernadette Barnes, Krista Gill and Doug Sumerfield, individually and on behalf of the Settlement Class (as defined below) and Defendants Hanna Andersson, LLC ("Hanna") and salesforce.com, inc. ("Salesforce," and, collectively, "Defendants").[1]

Commencing on February 5, 2021, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Angeion Group (the "Claims Administrator") provided Notice to Settlement Class Members in compliance with Section IV of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On June 17, 2021, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) the Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class and all supporting materials, including but not limited to the Settlement Agreement; and (b) Plaintiffs' Motion for Approval of Attorneys' Fees Award, Expense Reimbursement, and Service Awards to Representative Plaintiffs

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

and all supporting materials (collectively, the "Motions"). There were no objections or comments filed with or presented to the Court. The Court also considered the oral argument of counsel. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, and adequate. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers sufficient benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, and adequate.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

///

///

///

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5. No objections or comments to the Settlement were submitted by Settlement Class Members or persons or entities to whom notice was provided under the Class Action Fairness Act. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Only 13 members of the Settlement Class made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). Attached hereto as **Exhibit A** is a list of the 13 individuals who made valid and timely opt-out requests.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All individuals residing in the United States who made purchases on the Hanna Andersson website from September 16, 2019 to November 11, 2019.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order, ECF No. 68, regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiffs Bernadette Barnes, Krista Gill and Doug Sumerfield as the Class Representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP, M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation, and John A. Yanchunis of Morgan & Morgan Complex Litigation Group, as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

///
///

## NOTICE TO THE CLASS

11. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12. The Court awards Class Counsel $100,000.00 in fees and reimbursement of $8,696.54 in costs. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

13. The Court awards $2,500 to Ms. Barnes and $5,000 jointly to Ms. Gill and Mr. Sumerfield as a service award. The Court finds this amount is justified by their service to the Settlement Class. Payments shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

## RELEASE

14. Each Settlement Class Member, including Class Representatives, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendants and the Released Persons from all claims arising out of or asserted in the Litigation and all Released Claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.28-1.29 and 8.1 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").

In addition, Class Representatives are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

15. The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Class Representatives and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

16. The Settlement Fund, consisting of four hundred thousand dollars and no cents ($400,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members, costs of Claims Administration, payments made to the Claims Referee, the Attorneys' Fees and Expenses Award to Class Counsel, and the Class Representatives' Service Awards.

17. If any money remains in the Settlement Fund after the payment of all Settlement Payments to Settlement Class Members, costs of Claims Administration, payments made to the Claims Referee, the Attorneys' Fees and Expenses Award to Class Counsel, and the Class Representatives' Service Awards, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient, pursuant to Paragraph 7.6 of the Settlement Agreement.

18. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the

Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

19. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

20. Consistent with Paragraph 10.3 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of their provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Class Representatives' Service Awards, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Litigation.

21. Within 21 days after the distribution of the Settlement Funds and payment of attorneys' fees, the parties will file a Post-Distribution Accounting with the Court and post it on the settlement website.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

23. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: June 25, 2021

_____
EDWARD M. CHEN
UNITED STATES DISTRICT COURT JUDGE

